UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLSTON,

    Plaintiff,                       CIVIL ACTION NO. 06-CV-11001-DT

v.                                    DISTRICT JUDGE NANCY G. EDMUNDS

KEVIN LINDSEY, and           MAGISTRATE JUDGE DONALD A. SCHEER
AMY BIERKA,

    Defendants.

_____/

REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER

      This case comes before the Court on Plaintiff's Motion for Temporary Restraining Order. For the reasons stated below, I recommend that the motion be denied.

      Plaintiff is a convicted criminal, incarcerated at the Hiawatha Correctional Facility (HCF) in Kincheloe, Michigan. Defendants Lindsey and Beirka are corrections officers assigned to the State Prison of Southern Michigan (SPSM) in Jackson, Michigan. In a Complaint filed on March 8, 2006, Plaintiff accuses defendants of violating his constitutional rights by retaliating against him for exercising his right to file lawsuits and grievances against prison guards. Retaliation allegedly took the form of a prison transfer from SPSM to HCF, and continued harassment by HCF prison officials. Plaintiff seeks an immediate <u>ex parte</u> restraining order directing a prison transfer back to SPSM, and preventing prison officials from further retaliatory actions.

      In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury

without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." American Civil Liberties Union of Ky v. McCreary County, Ky., 354 F.3d 438, 445 (6th Cir. 2003)(quoting Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods., 134 F.3d 749, 753 (6th Cir.1998). Federal Rule of Civil Procedure 52(c) "requires a district court to make specific findings concerning each of these four factors, unless fewer are dispositive of the issue." See In re DeLorean Co., 755 F.2d 1223, 1228 (6th Cir. 1985).

In Elrod v. Burns, 427 U.S. 347, 373 (1976), the Supreme Court held that when reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated. In other words, the first factor of the four-factor preliminary injunction inquiry--whether the plaintiff shows a substantial likelihood of succeeding on the merits--should be addressed first insofar as a successful showing on the first factor mandates a successful showing on the second factor-whether the plaintiff will suffer irreparable harm.

Following a review of the allegations in the Complaint, I am persuaded that plaintiff has failed to show a substantial likelihood of succeeding on the merits. A prisoner has no independent constitutional right to confinement in a particular place, Olim v. Wakinekona, 461 U.S. at 245, and has no right to be transferred to a prison facility of his choice. Hewitt v. Helms, 459 U.S. at 468 (transfer of an inmate to less amendable and more restrictive quarters is well within the terms of confinement ordinarily contemplated by a prison sentence); Newell v. Brown, 981 F.2d 880 (6th Cir. 1992) (MDOC procedures for prisoner security classification did not create a constitutionally protected liberty interest).

I conclude that Plaintiff has failed to demonstrate a significant likelihood that he will be successful on the merits of this action. In seeking an ex parte preliminary injunction, he is essentially asking that this court rule on the merits of his Complaint even though the named defendants have not been served to date. Defendants should be given the opportunity to show that Plaintiff's prison transfer, and other disciplinary actions taken against him, were justified based on conduct detrimental to the management of a high

security prison environment. Similarly, Plaintiff has failed to provide specific facts from which the inference could be drawn that he is currently exposed to a substantial risk of serious harm beyond that normally to be expected in a prison setting. Moreover, he has made no showing that these defendants have drawn that inference and failed to take appropriate action. Plaintiff has also failed to demonstrate that the relief requested would serve the public interest. For all the reasons stated, I recommend that Plaintiff's Motion for Temporary Restraining Order be denied.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

Dated: April 26, 2006

**CERTIFICATE OF SERVICE**

I hereby certify on April 26, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 26, 2006. **Mark Colston**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

4