UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLSTON,

        Plaintiff,                      CIVIL ACTION NO. 06-CV-11001-DT

    vs.

                                       DISTRICT JUDGE NANCY G. EDMUNDS
                                       MAGISTRATE JUDGE DONALD A. SCHEER

KEVIN LINDSEY, and
AMY BERTKE

        Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendants' Motion for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

\* \* \*

Plaintiff is a convicted criminal, incarcerated at the Hiawatha Correctional Facility (HCF) in Kincheloe, Michigan. Defendants Lindsey and Bertke[1] are corrections officers assigned to the State Prison of Southern Michigan (SPSM) in Jackson, Michigan. In a Complaint filed on March 8, 2006, Plaintiff accuses defendants of violating his constitutional rights by retaliating against him for exercising his right to file lawsuits and grievances against them and other prison officials. Retaliation allegedly took the form of a prison transfer from SPSM to HCF, and continued harassment by HCF prison officials. Plaintiff sought declaratory/injunctive relief as well as compensatory and punitive damages.

---

[1] In the Complaint, Plaintiff mis-spelled Defendant Bertke surname as "Bierka"

Defendants filed a Motion for Summary Judgment on May 23, 2006, asserting that Plaintiff had failed to establish any violations of his federally secured constitutional rights. Plaintiff filed a response to Defendants' Motion for Summary Judgment on June 28, 2006, arguing to the contrary. For the following reasons, I recommend that Defendants' motion be GRANTED.

STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); see Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56©. The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits.  Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION

To establish a valid claim under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights privileges or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 49 (1988). Here, Defendants do not dispute that they acted under color of state law. Accordingly, I will focus on the alleged constitutional deprivations.

RETALIATION CLAIM

There are two categories of retaliation claims--general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights. In Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1989) the Sixth Circuit clarified the elements of each category and supplanted previous cases that had blurred the lines between the two.  General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment.  To state a successful case of general retaliation, a prisoner must establish "an egregious abuse of governmental power" or behavior that "shocks the conscience." Id. at 387.   In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been

in cases where, for example, a prison official issued death threats against an inmate while holding a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him.   See Cale v. Johnson, 861 F.2d 943, 950-51 (6th Cir. 1988) (citing cases).

The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right.  In such cases, an inmate bears a lesser burden, and is only required to establish the following three elements: (1) the inmate engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Thaddeus-X, 175 F.3d at 394-395. Plaintiff has the burden of proving all three elements.

Even if it is assumed, without deciding, that Plaintiff satisfied the first two elements listed above, he has failed to allege sufficient facts that establish the third. He must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  He has done nothing more than simply allege retaliation without establishing a causal connection. See Thaddeus-X, 175 F.3d at 399-400.

## RETALIATION IN THE FORM OF PRISON TRANSFER

Plaintiff asserts that his security classification was increased after his transfer to from SPSM to the Hiawatha Correctional Facility in March 2005, allegedly in retaliation for

4

filing a lawsuit against prison officials. A prisoner has no independent constitutional right to confinement in a particular place, Olim v. Wakinekona, 461 U.S. at 245, and has no right to be transferred to a prison facility of his choice. Hewitt v. Helms, 459 U.S. at 468 (transfer of an inmate to less amendable and more restrictive quarters is well within the terms of confinement ordinarily contemplated by a prison sentence); Newell v. Brown, 981 F.2d 880 (6th Cir. 1992) (MDOC procedures for prisoner security classification did not create a constitutionally protected liberty interest).

Due process does not require that a prisoner be given a hearing before a placement or classification change is ordered, even if such action might result in confinement under less desirable or favorable conditions. Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Plaintiff has identified no state created, protected liberty interest entitling him to a hearing to challenge his security classification or transfer to another correctional facility. Hewitt v. Helms, 459 U.S. 460, 466 (1983).

Even if there were a due process right to a hearing before Plaintiff was classified to a higher level of custody, in damage suits for deprivation of liberty without procedural due process under § 1983, the claimant has the burden of pleading and proving the inadequacy of state remedies to redress the alleged wrong. Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983); Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir. 1985) (en banc); Wells v. Brown, 891 F.2d 591, fn. 1 (6th Cir. 1989). This Plaintiff has not done so. All Plaintiff has presented is what he says Defendants Lindsey and Bertke did, coupled with the fact that he had previously filed a grievance against them. From that he jumps to the conclusion that what the Defendants did was because of his prior litigation. However, speculation is no substitute for hard evidence. Since Plaintiff has failed to produce evidence that his filing of

prison grievances was a substantial or motivating factor behind his treatment, I am persuaded that Defendants are entitled to a summary judgment on his claim of retaliation in connection with his transfer and security classification.

Plaintiff also failed to show that retaliation for his having filed grievances against Defendants Lindsey and Bertke was such an abuse of governmental authority as to shock the conscience, or that he suffered a remediable harm. It is recommended that the claim of retaliation against these MDOC officials be dismissed.

## VERBAL HARASSMENT

The Complaint also contains various allegations that the defendants verbally harassed and threatened Plaintiff.  However, the general rule is that mere threats, abusive language and verbal harassment are insufficient to state a constitutional claim for relief under § 1983.  Ivey v. Wilson, 832 F.2d 950, 954-955 (6th Cir. 1987); Freeman v. Trudell, 497 F.Supp. 481 (E.D. Mich. 1980);  Rahman v. Stephenson, 626 F.Supp. 886, 888 (W.D. Tenn. 1986).  Moreover, Plaintiff has also failed to established that there was a pattern of racial harassment against him frequent enough to create an atmosphere of racial tension and hostility.   See Knop v. Johnson, 667 F. Supp. 467, 505-506 (W.D. Mich. 1987). Because Plaintiff's allegations of tensions and hostility are based on mere conclusions, they need not be accepted as true.

## FALSE MISCONDUCT CHARGES

With respect to the allegations that Defendants Lindsey and Bertke filed false misconduct reports against Plaintiff in order to justify their allegedly unprofessional conduct,

the general rule is that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongfully accused of misconduct which might result in the deprivation of his liberty; the protection against, and remedy for, false accusations must be an administrative hearing at which the prisoner has the opportunity to explain or challenge the charges. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Banks v. Klapish, 717 F.Supp. 520, 522 (W.D. Mich. 1989).  Only if the false accusations are in blatant retaliation for the exercise of a constitutional right, and transcend all bounds of reasonable behavior or are shocking to the conscience, will they become actionable under § 1983. McLaurin v. Cole, 115 F.3d. 408, 411 (6th Cir. 1997)(When a prisoner brings a claim of retaliation, the prisoner must show that the exercise of the right was a substantial or motivating factor behind the allegedly retaliatory conduct and that the retaliatory conduct was "shocking to the conscience"); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988); Williams v. Smith, 717 F.Supp. 523, 524 (W.D. Mich. 1989).

    Plaintiff does not claim that he was denied a hearing on the misconduct charges or an opportunity to tell his side of the story, which is all that the constitution requires.[2] Since Plaintiff has failed to prove that his filing of the lawsuit and grievance was a substantial or motivating factor behind the issuance of the misconduct ticket, and in light of his having

---

[2]While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted by acts that a prisoner was not entitled to perform. Edwards, et al. v. Balisok, 520 U.S. 641 (1997); Jackson-el v. Winsor, et al., 986 F.Supp 440, 444 (E.D. Mich 1997) quoting Thaddeus-X v. Langley, 1997 W.L. 205604 *1 (6th Cir. 1997) (unpublished)("Thaddeus-X did not state a claim of retaliation because the record shows that he was guilty of the misconduct with which he was charged."); Riley v. Evans, 1994 W.L. 652778 *2 (6th Cir. 1994)(unpublished)("Because the charge was found to be true, Riley cannot state a claim of retaliation"). In the instant case, Plaintiff does not dispute that he had telephoned a former corrections officer at her home in violation of known prison rules.

been found guilty of the misconduct, I am persuaded that Plaintiff has failed to show that his filing of the grievance was a substantial or motivating factor behind the Defendants' alleged treatment of him.

## MENTAL ANGUISH

Plaintiff seeks 1.2 million dollars in compensatory and punitive damages due the to mental anguish he suffered as a result of the defendants' alleged retaliatory conduct. The Prison Litigation Reform Act specifically prohibits monetary damages solely for emotional distress.

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a showing of physical injury.

42 U.S.C. § 1997e(e)

The Complaint alleges only emotional injuries stemming from the defendants' alleged misconduct. Since Plaintiff has not alleged any physical injuries, his claim for monetary damages is barred by § 1997e(e).

Finally, Plaintiff asserts that Defendants Lindsey and Bertke forced him to sign a settlement agreement in an unrelated case under duress. The Honorable Richard Enslen of the Western District of Michigan specifically addressed this claim, and he ruled that Plaintiff had not signed the settlement agreement under duress. (See Colston v. Redick, Case No. 02-CV-779, attached to Defendants' Motion for Summary Judgment as Exhibit 2). As Respondents correctly points out, once a legal argument has been litigated and decided adversely to a defendant either at his trial or on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again

See <u>Kaufman v. United States</u>, 394 U.S. 217, 227, n.8 (1969) (relief could be denied "where the trial or appellate court has had a 'say' on a federal prisoner's claim."). The reasons advanced in support of this rule are the strong policies favoring finality in litigation and the conservation of scarce judicial resources. There appears to be no sound reason for this Court to reconsider this claim. Plaintiff is simply attempting to resubmit the same issue in the hope of securing a more favorable ruling.

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Edmunds' acceptance thereof is waived.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: July 24, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 24, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 24, 2006. **Mark Colston.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge Donald A. Scheer
                                                  (313) 234-5217